# Howard *versus* The Allegheny Valley Railroad Co.

1. Howard contracted to construct portions of a railroad; by the contract, the engineer was to make an estimate of the quality, character and value of the work; and in case of dispute, the engineer's decision was to be final and conclusive. *Held*, that by these covenants both parties were debarred from a suit at law.

2. A rule of court provided that upon a claim with affidavit being filed; items not denied by affidavit of defence should be taken as admitted. The plaintiff in covenant on his contract, filed a claim containing items for work, &c., also items for loss by having been stopped by the company, and copy of the contract. The rule did not apply to such case.

3. O'Reilly *v.* Kerns, 2 P. F. Smith 214, Reynolds *v.* Caldwell, 1 Id. 298, adopted.

October 30th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county* : Of October and November Term 1870, No. 89.

This was an action of covenant, brought February 22d 1869, by Robert Henderson, Robert Hosie and Cyrus Howard, partners, as C. Howard & Co., to the use of C. Howard, against the Allegheny Valley Railroad Company.

[Howard *v.* Allegheny Valley Railroad Co.]

Rule 5, of the Court of Common Pleas of Allegheny county, provides: "If the plaintiff should file with his precipe a specification of the items of his claim and statement of facts necessary to support it verified by affidavit, such items of the claim and material averments of fact as are not directly traversed or denied by the affidavit of defence, shall be taken as admitted."

The plaintiff Howard filed his claim under this rule for $10,262.57. He averred, by his affidavit, that on the 22d of December 1866, the plaintiffs made contracts under seal with the defendants to do certain work in constructing their railroad; copies of the contract being annexed to the affidavit; the plaintiffs did a part of the work and were ready to do the whole, but were improperly prevented by the defendants, by which the plaintiffs sustained great loss. Before October 5th 1868, the partnership of the plaintiffs was dissolved, and the affiant thereupon became entitled in severalty to the amount due on the contracts, his partners compromised their claims for the balance due the firm; in January 1869, the affiant and his partners entered into an agreement, and shortly afterwards he made a demand of the president of the defendants, accompanied by a bill of particulars of his claim. Copies of the agreement of the partners, the demand and the bill were annexed to the affidavit. Upon asking for an answer to his demand at the defendants' office, he was told by their president that no further answer to his demand or decision would be given than that already given; and none other had been given; that on the 10th of February 1869, he executed a release, tendered it to the defendants' treasurer, and demanded the balance due him, but the treasurer refused to pay him anything, and nothing had been paid; the affiant further averred "that no full, fair and honest final estimates were ever made" of the work done by the plaintiffs under the agreements; but such estimates as had been made "were grossly incorrect, and were founded either upon guess-work, without actual measurement, or upon such negligent and careless measurement as amounted in law to a fraud upon the rights of the plaintiffs."

The demand and agreement between the partners were as follows:—

"Pittsburg, February 4th 1869.

"Mr. Wm. Phillips, President Allegheny Valley R. R.:

"Sir:—I hereby annex a copy of agreement between Robert Henderson, Robert Hosey and myself; also the claim of the late firm of C. Howard & Co. against your company, one-third of which claim is now owned by me under the terms of said agreement with Henderson and Hosey, the other two-thirds having been settled or compromised by you with the other partners, as therein set forth. If any items of the said claims are disputed by your company, you will please furnish me, within forty-eight

[Howard *v.* Allegheny Valley Railroad Co.]

hours of this time, the decision, in writing, of the proper referee, stating the ground of his decision as to the respective items not admitted, and showing also the amount which he decides to be now due me, as the owner of one-third of the claim of C. Howard & Co.　　　　　　　Yours truly,

　　　　　　　　　　　　　　　　　"C. HOWARD."

"Agreement made this 14th day of January, A. D. 1869, between Cyrus Howard, Robert Henderson and Robert Hosey, as follows:—

"Whereas, said parties have been doing business as equal partners under the name of C. Howard & Co., in the execution of certain work with the Allegheny Valley Railroad Co., and they, the said Henderson and Hosey, having settled the interest due them from said company, leaving the interest of said Howard with said company unsettled, now the said Henderson and Hosey agree with said Howard that he may hold his interest against said company in severalty, without interference from us, so that he may sue for and collect his interest owing from said company, or settle or compromise the same, as he may think proper, without control from us; and said Henderson and Hosey hereby agree to pay their part of any legal claims which may heretofore be presented and proven against said C. Howard & Co.

　　　　　　　　　　　　　　　"ROBERT HENDERSON,
　　　　　　　　　　　　　　　"ROBERT HOSEY."

The account contained a large number of items, many of them being for loss by reason of the plaintiffs having been prevented by defendants from going on with the work, and amounting in the aggregate to $14.085.

The affiant's claim was for one-third of the balance, $30,787.70, appearing on his bill of particulars.

The contracts contained, amongst others stipulations that

"The line of the road and the gradients may be changed if the engineer shall consider it necessary or expedient; and for any considerable alteration affecting the value of the work, the advantage or disadvantage to the contractor will be estimated, and such deduction or addition made as the engineer may deem just and equitable; but no claim for an increase of prices on the part of the contractors will be allowed or considered, unless made in writing before the work on that part where such alteration has been made shall have been commenced. The engineer may also, on the conditions just recited, increase or diminish the length of any section, and otherwise modify the grades, during the progress of the work, for the purpose of equalizing the excavations and embankments." * * *

"No charge shall be made by contractors for hindrances or delay from any cause, but it may entitle him to an extension of

[Howard *v.* Allegheny Valley Railroad Co.]

time allowed for completing the work, sufficient to compensate for the detention, to be determined by the chief engineer, provided immediate notice of the cause shall be given to the engineer in charge of the division, in writing." * * *

" If at any time any contractor or person under him, shall have performed, or be in the act of performing any part of the work contrary to the specifications or directions given, the said engineer shall have full authority to order all further prosecution of such work to be stopped, which order the contractor, or any person employed under him, shall be bound to obey." * * *

" On or about the first day of each month during the progress of this work, an estimate shall be made of the relative value of the work done, to be judged of by the associate engineer; and upon his certificate of the amount being presented to the treasurer of the railroad company, or such disbursing agent as the railroad company may appoint, eighty-five per cent. of the amount of said estimate shall be paid to the party of the first part, at such time and place as the treasurer or disbursing agent may designate; and when all the work embraced in this contract is completed, agreeably to the specifications, and in accordance with the directions and to the satisfaction and acceptance of the engineer, there shall be a final estimate made by the chief or associate engineer, of the *quality, character and value* of said work, agreeably to the terms of this agreement, when the balance appearing due to said party of the first part shall be paid to them upon their giving a release, under seal, to the said railroad company, from all claims or demands whatsoever against said second party, growing in any manner out of agreement." * * *

" The said engineer may, at his discretion, for the failure to prosecute the work with adequate force, for non-compliance with his directions in regard to the manner of constructing it, or for any omission or neglect of the requirements of this agreement and specifications on the part of the party of the first part, declare this contract, or any portion or section embraced in it, forfeited; which declaration and forfeiture shall exonerate the said Allegheny Valley Railroad Company from any and all obligations and liabilities arising under this contract, the same as if this agreement had never been made; and the reserved percentage of fifteen per cent. upon any work done by the party of the first part may be retained for ever by the said railroad company. And it is mutually agreed and distinctly understood, that the decision of the chief engineer shall be final and conclusive in any dispute which may arise between the parties to this agreement, relative to or touching the same; and each and every of said parties do hereby waive any right of action, suit or suits, or other remedy in law or otherwise, by virtue of said covenants, so that the decision of said engineer shall, in the nature of an award, be final and conclusive on the rights and claims of said parties."

[Howard v. Allegheny Valley Railroad Co.]

The affidavit of defence averred that the plaintiffs' bill of particulars was incorrect and did not show the true balance; that the greater part of the balance is made up of assumed losses and contingent and speculative damages; that the plaintiffs were not entitled under the contract to set up several items of losses and damages in the bill; that the defendants did not unnecessarily and improperly prevent the plaintiffs from work, the work was to be done under the supervision and control of the engineer (setting out the stipulations in the contracts as to alterations, &c.), that the engineer at the request of the plaintiffs estimated and allowed to the plaintiffs " a just compensation for all disadvantages, losses and expenses incurred by them; that a fair final estimate was made by the engineer for all work done under the contract, by which it appeared that $8845.88 was the balance due the plaintiffs; that Henderson and Hosie, two of the parties, on the 20th of October 1868, agreed and accepted as in full two-thirds of that sum, and delivered to the defendants a release of all claims by them against the company; that Howard was not entitled to $10,262.51 claimed by him; that the true amount due Howard is $2948.52 with interest from January 1st 1868, which the defendants were ready and willing to pay upon receiving Howard's release.

The case came on for trial, May 16th 1870, before Collier, J.

The plaintiff gave in evidence parts of the claim filed as not being denied by the affidavit of defence; also the contracts. He then offered in evidence other parts of the claim relating principally to losses, alterations in work, &c. These were rejected and bills of exception sealed. The plaintiff then gave evidence of the work he had done; that he was stopped; of the character of the work that he would have had to do under the contracts; the profit he would have made, &c. He also gave evidence for the purpose of showing that there had been no final estimate by the engineer.

The defendants moved the court to direct a nonsuit. The motion was allowed, Judge Collier delivering the following opinion:—

" It appears by the terms of the agreements entered into by and between the plaintiffs and defendant, and which are put in evidence by the plaintiffs, that the parties to said agreements expressly waive all right of action and remedy at law in any dispute that may arise between them under their agreements, and mutually agree that the decision of the engineer shall be final and conclusive on the rights and claims of both parties; the plaintiffs are bound by the provisions and stipulations of their agreements, and having failed to prove that defendant prevented the submission of the matters in dispute to the decision of the engineer, they are estopped and precluded from a recovery at law, and cannot maintain this action."

The plaintiff took a writ of error and assigned for error,

1. The rejection of his offers of evidence.

2. Ordering a nonsuit.

[Howard *v.* Allegheny Valley Railroad Co.]

*H. Burgwin,* for plaintiffs in error.

*J. S. Morrison,* for defendants in error, cited Harris *v.* Liggett, 1 W. & S. 301; Faunce *v.* Burke, 4 Harris 469; Monongahela Navigation Co. *v.* Fenlon, 4 W. & S. 205; Reynolds *v.* Caldwell, 1 P. F. Smith 298; Lauman *v.* Young, 7 Casey 306; O'Reilly *v.* Kerns, 2 P. F. Smith 214.

The opinion of the court was delivered, May 27th 1872, by

READ, J.—There are two covenants in the articles of agreement, made the 18th day of December 1866, between the legal plaintiffs as partners as C. Howard & Co., of the first part, and the Allegheny Valley Railroad Company, copies of which are filed by the equitable plaintiff, and upon which this suit is brought, which, according to the uniform decisions of this court for the last thirty years, govern this case. After providing for monthly estimates by the associate engineer, and the payment of eighty-five per cent. of such monthly estimates, each article provides, "and when all the work in this contract is completed, agreeably to the specifications, and in accordance with the directions, and to the satisfaction and acceptance of the engineer, there shall be a final estimate made by the chief or associate engineer of the *quality, character* and *value* of said work, agreeably to the terms of this agreement, when the balance appearing due to said party of the first part, shall be paid to them upon their giving a release, under seal, to the said railroad company, from all claims or demands whatsoever against said second party, growing in any manner out of agreement." And at the conclusion of each agreement is this further express covenant: "And it is mutually agreed and distinctly understood, that the decision of the chief engineer shall be final and conclusive in any dispute which may arise between the parties to this agreement, relative to or touching the same; and each and every of said parties do hereby waive any right of action, suit or suits or other remedy, in law or otherwise, by virtue of said covenants, so that the decision of the said engineer shall in the nature of an award be final and conclusive on the rights and claims of said parties."

These two covenants, nearly *verbatim,* were passed upon by this court in Reynolds *et al.,* Executors, *v.* Caldwell, 1 P. F. Smith 298, which was an action of covenant, and were held to be binding upon the parties, and in O'Reilly *v.* Kerns, 2 Id. 214, the present Chief Justice said, p. 217, "It is not necessary to cite authorities for what is so well settled as that where a railroad or canal company and its contractors, or in a contract between original and sub-contractors, * * it is agreed that to prevent disputes, the engineer of the work shall in all cases determine the amount or quality of the several kinds of work which are to be paid for

under the contract, and decide every question which can or may arise relative to the execution of the contract on the part of the contractor, that his decision has been uniformly held to be final and conclusive."

It would, therefore, appear that this suit cannot be maintained by all or any of the parties of the first part who are precluded by their own covenants.

By the articles of agreement, the work was to be finished on or before the 1st day of July 1867, and by the evidence of the plaintiff section 26 was completed in August, section 42 in September, and section 35 October 1867, and he charges interest on his claim from the 1st of September in that year. It appeared in the evidence that a final estimate was made of all the work done under these contracts, showing a balance due the contractors of $8845.58, and that ————, Robert Henderson and Robert Hosie, two of them, on the 20th October 1868, received and accepted from defendant the sum of $5897.05, being the two-thirds of the above-mentioned balance of $8945.58, payable to them as members of the firm of C. Howard & Co., and did thereupon execute and deliver to the defendant a release under seal, and acquittance in full of all demands whatever which they might then or thereafter have against defendant for or by reason of anything in said contract mentioned, or in anywise growing out of the same relative to the work done by said plaintiff, on sections numbered 22, 35 and 42 as aforesaid.

On the 5th October 1868, C. Howard notified the defendant that he claimed one-third of the whole amount due on said contract, both for work and damage; and on the 4th February 1849, wrote to the defendant, annexing a copy of an agreement dated the 14th January 1869, signed by Robert Henderson and Robert Hosie, agreeing he may hold his interest of one-third against the company without interference from them, and also sending ———— the claim of C. Howard & Co., against the company, one-third of which claim is now owned by me (Howard), under the terms of said agreement. "If any items of said claims are disputed by your company, you will please furnish me within forty-eight hours of this time the decision, in writing, of the proper referee, stating the ground of his decision as to the respective items not admitted, and showing also the amount which he decides to be now due me as the owner of one-third of the claim of C. Howard & Co."

This suit was then commenced and affidavits and bill of particulars and copies of agreements filed. The bill of particulars is dated February 16th 1869, and ends with a balance due of $31,787.70, one-third of which is claimed by the equitable plaintiff—$10,595.23; being $1649.75 more than the whole final estimate upon which his two partners settled.

[Howard *v.* Allegheny Valley Railroad Co.]

The papers filed with the affidavits of claim, and making a fundamental part of the equitable plaintiff's case, show clearly that Rule 5 in page 9 of the Appendix, has no application to the present suit. It is an action of covenant on two articles of agreement, which were filed and put in evidence by the equitable plaintiff, containing the two covenants mentioned in the beginning, both of which have been entirely disregarded, both as to the final estimate and the decision of the chief engineer, and therefore the court were right in saying " that the parties to said agreements expressly waive all right of action and remedy at law, in any dispute that may arise between them under their agreements, and mutually agree that the decision of the engineer shall be final, and conclusive on the rights and claims of both parties; the plaintiffs are bound by the provisions of their agreements, and having failed to prove that defendant prevented the submission of the matters in dispute to the decision of the engineer, they are estopped and precluded from a recovery at law, and cannot maintain this action;" and in entering judgment of compulsory nonsuit against the plaintiffs.

Judgment affirmed.

AGNEW and WILLIAMS, JJ., dissented.